Filed 4/4/25  P. v. Aguirre CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>VICTOR MANUEL AGUIRRE,<br><br>    Defendant and Appellant. | 2d Crim. No. B334685<br>(Super. Ct. No. 2023017104)<br>(Ventura County) |

Victor Manuel Aguirre appeals the judgment following his guilty plea to being a felon in possession of ammunition committed in July 2023 (Pen. Code,[1] § 30305, subd. (a)(1)) and his admission of a 2021 prior strike conviction for possessing a firearm for the benefit of a criminal street gang (§§ 186.22, subd. (b)(1), 667, subds. (c)(1) & (e)(1), 1170.12, subd. (c)(1), 1192.7, subd. (c)(28)).  The trial court sentenced Aguirre to the low term of 16 months, doubled for the strike, for a total term of 2 years, 8 months.  He contends the trial court erred by denying his motion

---

[1] Statutory references are to the Penal Code.

to dismiss the prior strike because it does not meet the requirements for gang crimes pursuant to section 186.22 as amended by Assembly Bill No. 333 (2021-2022 Reg. Sess.).  The court granted Aguirre's request for a certificate of probable cause on the issue of whether his prior strike conviction continues to qualify as a strike.  We affirm.

Aguirre raised the same issue in an appeal of a previous case.  (*People v. Aguirre* (2023) 96 Cal.App.5th 488, 491, review granted Jan. 10, 2024, S282840 (*Aguirre*).)  That case was based on violations occurring in March 2022, i.e., felon in possession of: a firearm (§ 29800, subd. (a)(1)), ammunition (§ 30305, subd. (a)(1)), and a machine gun (§ 32625, subd. (a)).  As in the present case, the 2021 conviction of section 186.22, subdivision (b)(1) was charged as a prior strike.  But unlike the present case, the trial court there dismissed the strike because "the record of his prior conviction contained no evidence that his firearm possession provided more than a reputational benefit to the gang" and therefore did not meet the amended criteria of Assembly Bill No. 333.  (*Aguirre*, at p. 492.)

The district attorney appealed in *Aguirre*, contending Aguirre's prior conviction still qualified as a strike.  We agreed.  Because Aguirre's violation of section 186.22 qualified as a strike on the date of his conviction for that offense, we held that it still qualified as a strike.  (*Aguirre*, *supra*, 96 Cal.App.5th at pp. 494-497, review granted.)  Thus, we vacated the judgment and reversed the order dismissing the strike.  (*Id*. at pp. 491, 498.)

In this appeal, Aguirre raises the same issue as in his previous case: that the strike should have been dismissed based on the amended criteria for gang crimes pursuant to section 186.22.  We reject this contention for the reasons stated in

*Aguirre, supra*, 96 Cal.App.5th 488, review granted. (See also *People v. Gonzalez* (2024) 98 Cal.App.5th 1300, 1305-1314, review granted Apr. 10, 2024, S284060; *People v. Fletcher* (2023) 92 Cal.App.5th 1374, 1379-1382, review granted Sep. 27, 2023, S281282; *People v. Scott* (2023) 91 Cal.App.5th 1176, 1180-1185, review granted Sep. 27, 2023, S280776.)

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED.


BALTODANO, J.


We concur:


GILBERT, P. J.


YEGAN, J.

3

David M. Hirsch, Judge

Superior Court County of Ventura

_____

Claudia Y. Bautista, Public Defender, and Thomas Hartnett, Deputy Public Defender, for Defendant and Appellant.
Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Steven D. Matthews and Ryan M. Smith, Deputy Attorneys General, for Plaintiff and Respondent.